FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 24 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
ISRAEL VALLE,

        Plaintiff,

- against -

THE YMCA OF GREATER NEW YORK,

        Defendant.
----------------------------------------------X

MEMORANDUM AND ORDER
06-CV-2083 (NGG)

GARAUFIS, District Judge

    Plaintiff Israel Valle ("Valle") brings this action *pro se* regarding Defendant YMCA of Greater New York's ("YMCA") termination of his employment by the YMCA. Valle alleges that the YMCA terminated him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Compl. at 1.) Valle also alleges that the YMCA has committed RICO violations, fraudulent and illegal business practices, and violations of 42 U.S.C. § 1983. (Id.) However, in an Order dated April 23, 2004, Judge Trager enjoined Valle from filing new civil actions seeking *in forma pauperis* status without obtaining prior leave of the court. Valle v. State of New York, No. 04-CV-665 (DGT), Order at 1 (Docket Entry #7) (E.D.N.Y. Apr. 23, 2004). On May 17, 2006, this court granted Valle's request for leave to file this action on the limited ground that he is alleging an employment discrimination action against the YMCA under Title VII. Valle v. The YMCA of Greater New York, No. 06-CV-2083 (NGG), Order at 1 (Docket Entry # 7) (E.D.N.Y. May 17, 2006). The court now considers the YMCA's motion (1) to dismiss this pending Title VII claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and (2) to permanently enjoin Valle from bringing any further complaints against the YMCA in this court. For the reasons set forth below, the YMCA's motion is GRANTED in part and DENIED in part.

## I. Standard of Review

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007), the Supreme Court explained that, in order to survive a motion to dismiss, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." If they "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.; see also Goldstein v. Pataki, __ F. Supp. 2d __, No. 06-CV-5827 (NGG), 2007 WL 1654009, at *33 (E.D.N.Y. June 6, 2007) (Garaufis, J.) (discussing Twombly). The Second Circuit has explained that Twombly imposes a plausibility requirement on pleadings under Rule 8, but does not, as a general matter, change the Rule 8 pleading standard: "the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, __F.3d__, 2007 U.S. App. LEXIS 13911, at *35, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007). In another post-Twombly decision, the Second Circuit confirmed that, on a motion to dismiss, "the district court must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Roth v. Jennings, __ F.3d __, 2007 WL 1629889, at *11 (2d Cir. June 6, 2007).

## II. Plaintiff's Claim is Barred By *Res Judicata*

Two days prior to filing this action on April 26, 2006, Valle filed the Third Amended Complaint against the YMCA in Valle v. The YMCA of Greater New York, et al., 05-CV-5318 (S.D.N.Y. Apr. 24, 2006) ("the SDNY Action"). (Pennotti Decl. Ex. A.) With the exception of the caption, the Third Amended Complaint in the SDNY Action is identical to the Complaint in

2

the instant action. On May 12, 2006, the YMCA moved to dismiss the SDNY Action pursuant to FRCP 12(b)(6). (Id.) On September 6, 2006, Judge Robert P. Patterson, Jr. issued an Order dismissing the SDNY action in its entirety. Valle v. YMCA of Greater New York, 05-CV-5318 (RPP), Order Accepting Magistrate's Report (Docket Entry # 51) (S.D.N.Y. Sept. 6, 2006).

Under the doctrine of *res judicata*, Valle's instant claim must be dismissed. "Under the doctrine of *res judicata*, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000). "Thus, the doctrine bars 'later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." In re Teltronics Servs., Inc., 762 F.2d 185, 190 (2d Cir. 1985). Valle's instant Title VII action raises the identical claim and deals with the same underlying event (his termination from the YMCA) as was raised in the SDNY Action. Further, the complaint filed by Valle in the SDNY Action is identical to the one now before this court. Valle has already fully and fairly litigated his claim in the SDNY Action and received a final judgments on the merits. Therefore, his claim is barred by *res judicata*. See, e.g., Mennella v. Office of Court Admin., 938 F. Supp 128, 131-32 (E.D.N.Y. 1996) (dismissing an employee's discrimination suit on the ground that it was barred by *res judicata* because the factual

---

[1] Valle appears to argue that the dismissal of the SDNY Action violated his due process rights. (Pl. Reply Br. at 2.) When a prior proceeding is "fundamentally flawed" and there is reason to doubt the "quality, extensiveness, or fairness of procedures followed in [the] prior litigation" the previous decision is not accorded preclusive effect. See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480-81 (1982). The record, however, does not provide any evidence to support Valle's suggestion that the decision in the SDNY Action was not the product of a fair and proper procedure.

3

allegations in the complaint arose out of the same transaction or occurrence as the claim in a prior dismissed complaint).

## III. Permanent Injunction

YMCA moves for a permanent injunction, preventing Valle from filing any actions against it in this district. When a party files repeated lawsuits involving the same nucleus of operative facts, a district court has the inherent power to enjoin him from filing vexatious lawsuits in the future. See Malley v. N.Y.C. Bd. of Educ., 112 F.3d 69, 69 (2d Cir. 1997) (affirming an injunction where the plaintiff had filed repeated lawsuits concerning the same nucleus of operative facts). An injunction is appropriate when it appears that sanctions would be ineffective. *In re* Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

Although the YMCA argues that a permanent injunction banning Valle from bringing any and all claims against it is appropriate in this case, courts generally do not issue such an injunction without giving a plaintiff prior warning that such an injunction would be issued if he continued to file frivolous actions. Cf. Hoffenberg v. Hoffman & Pollok, 288 F. Supp. 2d 527, 539-40 (S.D.N.Y. 2003) ("Enjoining a plaintiff from filing further lawsuits is proper and necessary where plaintiff has been warned by the court before, threatened with sanctions if additional lawsuits are filed, does not abide by such warnings and the court finds that such behavior demonstrates that neither the lack of success of his actions nor the warnings of the district court will cause him to cease his abuse of the judicial process.") (internal quotation marks omitted) ; Pentagen Techs. Int'l Ltd. v. United States, 172 F. Supp. 2d 464, 473-74 (S.D.N.Y. 2001) (holding that a ban is appropriate when a plaintiff is made aware of the repetitive nature of his claims and is warned that a failure to stop filing repetitive claims will

lead to sanctions).

In this case, Valle is already required to obtain prior leave of the court before filing in this district any new civil action seeking *in forma pauperis* status. Valle v. State of New York, No. 04-CV-665 (DGT), Order at 1 (Docket Entry #5) (E.D.N.Y. Apr. 23, 2004). Despite Valle's history of filing numerous lawsuits against the YMCA in multiple jurisdictions, he has never been warned that continuing this behavior would lead to a permanent injunction barring him from bringing all civil claims against the YMCA. As a result, a permanent injunction banning Valle from bringing any civil claim against the YMCA is not appropriate at this time.

Valle, however, has filed over thirty suits against YMCA in five different venues, including this claim and the identical claim recently dismissed in the SDNY Action despite a complete lack of success and scant evidence that any of his claims are meritorious. (Def. Br. at 4.) In fact, a review of this district's docket indicates that, since Judge Trager issued the April 23, 2004 Order prohibiting Valle from filing any *in forma pauperis* actions without seeking permission from the court to do so, Valle has filed eight actions in this District other than the instant action. In seven of these eight actions, Valle's request to file *in forma pauperis* was denied because the action was frivolous. Several of these denials were upheld by the United States Court of Appeals for the Second Circuit. In continuing in this course of abusive conduct, Valle has shown a complete disregard for the scarce resources and time of the judicial system. Valle's conduct is nothing short of outrageous. The Second Circuit has come to a similar conclusion and issued a leave-to-file sanction against Valle. See Valle v. United States, 05-cv-5318 (RPP), Mandate of United States Court of Appeals (Docket Entry No. 56) (S.D.N.Y. June 21, 2007).

At this point, it is clear that requiring Valle to obtain prior leave of court before filing an *in forma pauperis* action is failing to stop Valle from wasting this court's and the parties' resources. As a result, harsher sanctions are clearly required. Valle is hereby warned that harsher sanctions will follow if Valle files an additional frivolous case or other filing. At this time, the court need not reach the question of precisely what sanctions will be imposed. The court will consider issuing a number of different types of sanctions.

First, under Rule 11 of the Federal Rules of Civil Procedure, the court's inherent supervisory powers, or any other applicable law, the court may impose monetary sanctions against Valle, if he seeks leave to file another frivolous action against the YMCA. Under Rule 11(c)(1)(B), the court may on its own initiative impose monetary sanctions against a party for violating any of the requirements listed in Rule 11(b). Rule 11(b)(2) requires that when a party files papers, "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Similarly, Rule 11(b)(3) requires that a party's "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Once a monetary sanction is levied, the Clerk of the Court shall not accept further papers from Valle, including an application for *in forma pauperis* status, until that monetary obligation is satisfied. See *In re* Martin-Trigonia, 795 F.2d at 12.

Second, if Valle files another frivolous action against the YMCA or another entity against whom Valle has previously filed a frivolous action, Valle may be permanently enjoined from bringing a case against the YMCA or other entity in any federal court. Third, the court

might enjoin Valle from filing <u>any action</u> in any federal court without first seeking leave of the court in which the action is being filed. Valle is now on notice that he faces any and all of these sanctions if he files another frivolous case in this District or any other federal court.

**IV.     Conclusion**

For the reasons set forth above, YMCA's motion is GRANTED in part and DENIED in part. This case is dismissed as barred by *res judicata*. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. The Clerk of the Court is directed to close this case.

Dated: July 20, 2007　　　　　　　　　　　　　　　　　/signed/
　　　　Brooklyn, N.Y.　　　　　　　　　　　　　　　NICHOLAS G. GARAUFIS
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge